**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MATTHEW McCASKILL,

         Plaintiff,

   - v -               Civ. No. 9:13-CV-1487
                      (GTS/DJS)

W. BRESETT, *et al.*,

         Defendants.
_____

**APPEARANCES:**            **OF COUNSEL:**

MATTHEW McCASKILL
Plaintiff, *Pro Se*
# 30170
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211

HON. ERIC T. SCHNEIDERMAN       CHRISTOPHER J. HUMMEL, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On December 3, 2013, *pro se* Plaintiff Matthew McCaskill commenced this action pursuant to 42 U.S.C. § 1983, asserting claims arising from an incident that occurred on October 6, 2013, when he was incarcerated at Riverview Correctional Facility ("Riverview C.F.") in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Plaintiff filed an Amended Complaint on August 10, 2015. Dkt. No. 59, Am. Compl. Plaintiff asserts Eighth Amendment excessive force claims against Defendants Correctional Officer ("C.O.")

William Bresett, C.O. Wayne Hutchins,[1] and Sergeant Steven Garrabrant, and First Amendment retaliation claims against Defendants Bresett and Hutchins. *Id.* Presently before the Court is Defendants' Motion for Summary Judgment, which Plaintiff has opposed. Dkt. Nos. 73, Defs.' Mot. Summ. J., 81, Pl.'s Resp.

Defendants move for summary judgment on the following grounds: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to state a First Amendment retaliation claim; and (3) Defendants are entitled to qualified immunity.[2] Dkt. No. 73-8, Defs.' Mem. of Law. The Court finds that Defendants have established that Plaintiff failed to exhaust his administrative remedies and therefore recommends that the Defendants' Motion be **granted**.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287

---

[1] In the Amended Complaint, this Defendant's name is spelled as "Huchens." However, the correct spelling appears to be "Hutchins," and the Court will refer to him as such. *See* Dkt. No. 63 (Acknowledgment of Service).

[2] Defendants do not move for summary judgment on the merits of Plaintiff's Eighth Amendment excessive force claims.

(2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. EXHAUSTION

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).[3]

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). In addition, an inmate may request an extension of the time limit

---

[3] Exhaustion of administrative remedies is an affirmative defense which must be raised by the defendant. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). Defendants properly raised the affirmative defense in their Answer. Dkt. No. 65 at ¶ 14.

within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

### B. Plaintiff's Failure to Exhaust Administrative Remedies

It is undisputed that Plaintiff did not file a grievance relative to the incident in the Amended Complaint and therefore did not exhaust his administrative remedies. There is no record on file at Riverview C.F. of a grievance filed by Plaintiff regarding the October 6, 2013 incident. Dkt. No. 73-4, Decl. of Kristina Monnet, dated Dec. 8, 2015, at ¶¶ 5& 7-9. The only grievance on record filed by Plaintiff at Riverview C.F. was Grievance No. RV-10618-13, filed on March 7, 2013, which concerned medical treatment Plaintiff received for eczema on his face. *See id.*, Ex. A. Similarly, records maintained by CORC indicate that the only grievance that Plaintiff appealed to CORC was Grievance No. RV-10618-13. Dkt. No. 73-3, Decl. of Jeffery Hale, dated Apr. 11, 2016, at ¶ 11. The records submitted by Defendants therefore establish that Plaintiff did not file a grievance on the claims asserted in this action. Indeed, at his deposition Plaintiff admitted that he did not file a grievance relative to this incident. Dkt. No. 73-2, Christopher J. Hummel Affirm., Ex. A, Dep. of Matthew McCaskill, dated Jan. 25, 2016 ("Pl.'s Dep.") at p. 25.

Plaintiff, however, did send a letter complaining of the excessive force incident to the offices of the Inspector General and the Attorney General. *See* Pl.'s Dep., Exs. D & E. These letters are dated December 22, 2013 and December 29, 2013, respectively. *Id.* Plaintiff alleges that he wrote other letters complaining of the incident, but none of those letters have been produced. Pl.'s Dep. at p. 29. Regardless, "the law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA." *Timmons v. Schriro*, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015); *see also Grey v. Sparhawk*, 2000 WL 815916, at *2 (S.D.N.Y. June 23, 2000) ("Any complaint . . . made directly to the Inspector General's office does not serve to excuse plaintiff from adhering to the available administrative procedures."). Thus, Plaintiff's letters to the offices of the Inspector General and Attorney General are insufficient to exhaust his administrative remedies.

**C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused**

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court recently stated, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court stated three potential circumstances where administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance

process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.[4]

Here, Riverview C.F. has a grievance process of which Plaintiff was aware. Pl.'s Dep. at pp. 21-22 & Ex. B. Plaintiff has not created an issue of material fact as to the availability of administrative remedies. Rather, Plaintiff claims in conclusory terms that he knew how the grievance program worked, but that it "get[s] nothing done." Pl.'s Dep. at p. 21. Plaintiff further claims that he talked to Kristina Monnet, Inmate Grievance Supervisor at Riverview C.F., and she did not help him. *See* Pl.'s Resp. at ¶¶ 32, 38, & 42. These allegations are insufficient to establish that administrative remedies were "unavailable" to Plaintiff. Accordingly, the Court recommends that Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust should be **granted**.[5]

### III. CONCLUSION

For the reasons stated herein, it is hereby

---

[4] The Second Circuit previously set forth a three-part inquiry for when a failure to exhaust may be excused: "(1) administrative remedies are not available to the prisoner; (2) defendants have either wived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). The Second Circuit has stated that "*Ross* largely supplants our *Hemphill* inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

[5] Because the Court finds that Plaintiff failed to exhaust his administrative remedies and recommends dismissal of Plaintiff's action on that basis, it does not reach Defendants' argument in the alternative that Plaintiff failed to establish his First Amendment retaliation claim. Nonetheless, the Court briefly notes Defendants' argument here. In his Amended Complaint, Plaintiff alleges that Defendants Bresett and Hutchins' assault on him was retaliatory, but he does not specify the basis of the retaliation. *See* Am. Compl. To state a First Amendment claim for retaliation, an inmate must demonstrate (1) he or she was engaged in constitutionally protected speech or conduct, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action in that the alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). Defendants argue that Plaintiff has failed to establish that he engaged in a protected activity because he has not specified the basis of the alleged retaliation. In support of their argument, Defendants cite to Plaintiff's deposition at which he stated that there was "nothing" that caused Bresett to retaliate against him and that Hutchins assaulted him because he was Bresett's co-worker. Pl.'s Dep. at pp. 67-68. Plaintiff has not controverted Defendants' argument and thus it appears that summary judgment would also be appropriate on Plaintiff's retaliation claim on its merits.

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 73) be **GRANTED** and this action **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 14, 2017
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge